UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANGEL ANDRES MATEUS
GONZALEZ, BY AND THROUGH
HIS NEXT FRIEND NELSY JEREZ
ARIZA,

          Petitioner,

     v.

FLORIDA SOFT SIDE SOUTH,
WARDEN;  FIELD OFFICE
DIRECTOR, MIAMI;  U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT,  U.S.
DEPARTMENT OF HOMELAND
SECURITY,  U.S ATTORNEY
GENERAL,

          Respondents.

Case No. 2:26-cv-696-KCD-NPM

## **ORDER**

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by Nelsy Jerez Ariza, on behalf of Angel Andres Mateus Gonzalez, who is currently detained by Immigration and Customs Enforcement. (Doc. 1.)

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a

person who, because of incompetence, is unable to initiate a habeas action himself. *See Whitmore v. Ark.*, 495 U.S. 149, 162 (1990). But "'[n]ext friend' standing is by no means granted automatically[.]" *Id.* at 163. To demonstrate "next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts and (2) show she is "truly dedicated to the interests" of the real party. *Id.*

Ariza has not met this standard. Although she is Gonzalez's next friend, there is no allegation that Gonzalez is mentally incompetent or has been denied access to the courts. Even so, this Court sees numerous pro se petitioners in immigration custody seeking relief who face the same conditions as Gonzalez and are able to litigate their petition. At bottom, Ariza offers nothing beyond conclusory allegations to show that Gonzalez warrants any special protection by a next friend to litigate on his behalf.

Because Ariza does not demonstrate the propriety of "next friend" status, she lacks standing to initiate this action on Gonzalez's behalf. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("[W]hen the application for habeas corpus filed by a would be 'next

friend' does not set forth an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition.").

What is more, even if there was next-friend status, Ariza does not claim to be a lawyer. So she cannot represent Gonzalez here. *See Weber*, 570 F.2d at 514; *Marcia Turner v. Neptune Towing & Recovery, Inc.*, No. 8:09-CV-I071-T-27AEP, 2011 WL 2981786, at \*2 (M.D. Fla. July 22, 2011) ("Under Rule 17(c), a representative does not have the right to appear on behalf of a minor or an incompetent person unless that representative is represented by counsel."); *Bey on behalf of Baxter v. Fla.*, No. 4:24CV517/MW/ZCB, 2025 WL 351425, at \*1 n.2 (N.D. Fla. Jan. 6, 2025).

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

3. The Clerk is directed to send a copy of this Order to Nelsy Jerez Ariza, 1021 E 22nd Ave, Tampa, FL 33605.

3

**ENTERED** in Fort Myers, Florida on March 13, 2026.

Kyle C. Dudek
United States District Judge